UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20015-CIV-KMW

| | |
|---|---|
| DAYDIS ACEVEDO AGUILAR, IRINA MILIAN CAMPO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| LA CAMPANA RESTAURANT, INC, RAMON TIELES, NAIYU ANDRES, | ) ) ) ) |
| Defendants. | ) ) |

# **PLAINTIFF'S UPDATED STATEMENT OF CLAIM[1]**

Now comes the Plaintiff, by and through the undersigned, and files the above-described Statement of Claim[2] as follows:

---

[1] On January 16, 2018, Plaintiff Aguilar filed the First Amended Complaint [DE10] adding Plaintiff Campo. As such, Plaintiffs file this Updated Statement of Claim adding Plaintiff Campo's damage calculations.

[2] Plaintiffs' calculation of damages is based on the Florida Minimum Wage rate (as opposed to the Federal Minimum Wage rate). *See, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)("pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a). Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."); *See also*, 29 C.F.R. § 541.4 ("Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."). *See also*, 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

**Plaintiff DAYDIS ACEVEDO AGUILAR**
**Half Time Overtime Claim (2/25/17-1/2/18)[3]:**
Amount of Half Time Overtime per hour not compensated: $4.05 (based on FL MW)
Weeks: 44
Overtime hours per week: 10
Total overtime wages unpaid and liquidated damages: $1,782.00 X 2 = $3,564.00, *exclusive of* **attorneys' fees and costs**

**Florida Minimum Wage Claim (2/25/17-1/2/18):**
Weeks: 44 weeks
Hours (worked per week:) 50 hours
State Minimum wage: $8.05/hr.
Wage paid: $2.00/hr
Amount of minimum wage per hour not compensated: $6.05/hr
Total minimum wages unpaid and liquidated damages: $13,310.00 X 2 = $26,620.00, *exclusive of* **attorneys' fees and costs**

**Total OT/MW unpaid and liquidated damages:** $15,092 X 2 = $30,184.00 (based on FL MW), *exclusive of* **attorneys' fees and costs**


**Plaintiff IRINA MILIAN CAMPO**
**Half Time Overtime Claim (5/19/17-11/17/17):**
Amount of Half Time Overtime per hour not compensated: $4.05 (based on FL MW)
Weeks: 26
Overtime hours per week: 20
Total overtime wages unpaid and liquidated damages: $2,106 X 2 = $4,212.00, *exclusive of* **attorneys' fees and costs**

**Florida Minimum Wage Claim (5/19/17-11/17/17):**
Weeks: 26 weeks
Hours (worked per week:) 60 hours
State Minimum wage: $8.05/hr.
Wage paid: $1.68/hr
Amount of minimum wage per hour not compensated: $6.37/hr
Total minimum wages unpaid and liquidated damages: $9,937.20 X 2 = $19,874.40, *exclusive of* **attorneys' fees and costs**

**Total OT/MW unpaid and liquidated damages:** $12,043.20 X 2 = $24,086.40 (based on FL MW), *exclusive of* **attorneys' fees and costs**


**Total Both Plaintiffs OT/MW and liquidated damages: $27,135.20 X 2 = $54,270.40,** *exclusive of* **attorneys' fees and costs**

---

[3] At the time of filing the instant lawsuit, Plaintiff's claim was ongoing.

\* Plaintiffs seek all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiffs.

\*\* Plaintiffs reserve the right to seek time-and-one-half damages for any other completely unpaid overtime hours should the facts adduced in discovery justify same.

\*\*\* Plaintiffs reserve the right to seek minimum wage damages under the Florida Constitution. Plaintiffs reserve the right to the extent Plaintiffs' claim for Florida Minimum Wage overlaps Plaintiffs' claim for Federal Minimum Wage payments to seek the higher of the two applicable rates.

\*\*\*\* Plaintiff AGUILAR reserves the right to claim retaliation/retaliatory discharge under 29 U.S.C. 215(A)(3) against Defendants, jointly and severally, and to seek all damages including attorney's fees, costs, injunctive relief prohibiting the Defendants from discriminating in such a manner, emotional distress and humiliation and pain and suffering, as well as all other damages recoverable by law under the applicable law, in light of the hostile treatment directed towards Plaintiff as of the date Defendants learned of the instant lawsuit.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/24/18 TO:

**ALL CM/ECF RECIPIENTS**

**BY:_____/s/ Rivkah F. Jaff_____**
    **RIVKAH F. JAFF, ESQ.**