UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-20015-KMW

DAYDIS ACEVEDO AGUILAR,
IRINA MILIAN CAMPO and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiffs,

vs.

LA CAMPANA RESTAURANT, INC,
RAMON TIELES, and
NAIYU ANDRES
      Defendants.
_____

**SECOND COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS RETALIATION UNDER 29 USC 215(A)(3), ASSAULT UNDER FLORIDA STATUTE 784.011 AND BATTERY UNDER FLORIDA STATUTE 784.03**

Plaintiffs, DAYDIS ACEVEDO AGUILAR and IRINA MILIAN CAMPO, on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, LA CAMPANA RESTAURANT, INC, RAMON TIELES, and NAIYU ANDRES, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant LA CAMPANA RESTAURANT, INC is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant RAMON TIELES is a corporate officer and/or owner and/or

   manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant NAIYU ANDRES is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless

such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff DAYDIS ACEVEDO AGUILAR, worked for Defendants as a waitress from on or about February 25, 2017 through the present and ongoing.

11. Plaintiff IRINA MILIAN CAMPO, worked for Defendants as a waitress from on or about May 19, 2017 through on or about November 17, 2017.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years, 2014, 2015, 2016 and 2017.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is

expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

16. Between the period of on or about February 25, 2017 through the present and ongoing, Plaintiff DAYDIS ACEVEDO AGUILAR worked an average of 50 hours a week for Defendants and was paid an average of $2.00/hr but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum rate.

17. Between the period of on or about May 19, 2017 through on or about November 17, 2017, Plaintiff IRINA MILIAN CAMPO worked an average of 60 hours a week for Defendants and was paid an average of $1.68/hr but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week based on the applicable minimum rate.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment

period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

19. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

20. Between the period of on or about February 25, 2017 through the present and ongoing, Plaintiff DAYDIS ACEVEDO AGUILAR worked an average of 50 hours a week for the Defendants. Plaintiff was paid an average of $2.00/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.00/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

21. Between the period of on or about May 19, 2017 through on or about November 17, 2017,

Plaintiff IRINA MILIAN CAMPO worked an average of 60 hours a week for the Defendants. Plaintiff was paid an average of $1.68/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.68/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

22. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs were not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

23. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III: RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AS TO PLAINTFF DAYDIS ACEVEDO AGUILAR

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-23 above and further state:

24. On or about January 2, 2018, Plaintiff DAYDIS ACEVEDO AGUILAR asserted a claim for her unpaid overtime wages to the Defendants.

25. Defendants were served with the Summons and Complaint on January 8, 2018.

26. Approximately two days thereafter Plaintiff DAYDIS ACEVEDO AGUILAR weekly work hours were significantly reduced without explanation.

27. Soon thereafter, on January 11, 2018, Plaintiff feared for her safety as Defendant RAMON TIELES swung a knife around almost striking Plaintiff, Ramon then stabbed at a container which flew off and hit Plaintiff.

28. Defendants' motivating factor (as evidenced by the temporal proximity between the service of the overtime claim and the discrimination) in relation to the said actions was Plaintiff DAYDIS ACEVEDO AGUILAR's act of asserting a claim for overtime wages.

29. Plaintiff filed a police report against Defendant RAMON TIELES for his actions stated above.

30. As a result, Plaintiff is constantly anxious, affecting her sleep and is in constant fear of physical harm from the Defendants.

31. The said actions as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff DAYDIS ACEVEDO AGUILAR's demand for his legally mandated wages and, as a result, Plaintiff DAYDIS ACEVEDO AGUILAR has been damaged.

Wherefore Plaintiff DAYDIS ACEVEDO AGUILAR requests judgment against the said Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff DAYDIS ACEVEDO AGUILAR reaches the age of 65 and all other damages recoverable by law.  *The Plaintiffs request a trial by jury.*

## COUNT IV: ASSAULT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-31 above and further states:

32. This Court has jurisdiction for Plaintiff's assault claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

33. On or about January 11, 2018, Plaintiff was working for Defendant at her normal duties as a waitress.

34. The manager was the Individual Defendant, RAMON TIELES, and he was working in his capacity as an owner/officer of the Corporate Defendant.

35. The Individual Defendant, RAMON TIELES, violently and purposefully swung his knife around, nearly striking plaintiff. The Individual Defendant, RAMON TIELES than stabbed at a container of rice, he removed the top of the container with his knife, swinging both around, and hitting the plaintiff in the thigh with the container top.

36. The Individual Defendant RAMON TIELES actions were an intentional and unlawful threat to do violence to the plaintiff; which created a well-founded fear in the plaintiff that the violence was imminent. and as a result, Plaintiff was injured physically by the attack

and suffered mental anguish.

## COUNT V: BATTERY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-36 above and further states:

37. This Court has jurisdiction for Plaintiff's assault claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

38. The manager was the Individual Defendant, RAMON TIELES, and he was working in his capacity as an owner/officer of the Corporate Defendant.

39. The Individual Defendant, RAMON TIELES stabbed at a container of rice, he removed the top of the container with his knife, swinging both around, and hitting the plaintiff in the thigh with the container top.

40. The Individual Defendant RAMON TIELES actions were an intentional harmful and offensive touching that were not consented to by Plaintiff and as a result, Plaintiff was injured physically by the attack and suffered mental anguish, physical pain, and suffering.

WHEREFORE, Plaintiff requests all damages allowed by law and punitive damages entered against Defendants along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766

Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/30/18**