UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17-cv-22442-JEM

DAYDIS ACEVEDO AGUILAR,
IRINA MILIAN CAMPO, and others
similarly situated under 29 U.S.C.
216 (b),

  Plaintiffs,

vs.

LA CAMPANA RESTAURANT, INC
RAMON TIELES and NAIYU ANDRES

  Defendants.
_____)

DEFENDANT LA CAMPANA
RESTAURANT, INC.'S,
MOTION TO DISMISS COUNTS IV
AND V OF THE SECOND COMPLAINT
WITH MEMORANDUM OF LAW

ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTS I, II AND III OF THE
SECOND COMPLAINT

COMES NOW the Defendant LA CAMPANA RESTAURANT, INC. (LA CAMPANA) through its counsel, pursuant to Rules 8 and 12, Fed.R.Civ.P., and files its MOTION TO DISMISS COUNTS IV AND V OF THE SECOND COMPLAINT, its MEMORANDUM OF LAW in support of the Motion, its ANSWER and AFFIRMATIVE DEFENSES TO COUNTS I, II AND III OF THE SECOND COMPLAINT and alleges as follows:

## MOTION TO DISMISS
### I. FACTS

1. Plaintiffs DAYDIS ACEVEDO AGUILAR, (AGUILAR) and IRINA MILIAN CAMPO, (CAMPO) have filed a forty paragraph five count complaint against all Defendants including Defendant LA CAMPANA as follows

  Count I:   Federal Overtime Wage Violations by both Plaintiffs
  Count II:  Federal Minimum Wage Violations by both Plaintiffs
  Count III: Retaliation by Plaintiff AGUILAR
  Count IV: Assault by "Plaintiff" presumed to be AGUILAR without a "wherefore" demand,
              presumed against all Defendants
  Count V:  Battery by "Plaintiff" presumed to be AGUILAR, against all defendants.

2. All preceding paragraphs (1-31) to Count IV for Assault are adopted by an unnamed Plaintiff who is presumed to be AGUILAR.

3. All preceding paragraphs (1-36) to Count V for Battery are adopted by an unnamed Plaintiff who is also presumed to be AGUILAR.

4. The Assault (Count IV) is predicated on actions by Co-Defendant RAMON TIELES described as the restaurant manager, working in his capacity as an owner/officer of the Corporate Defendant. (Paragraph 34 of the Second Complaint). Mr. Tieles allegedly:

   A. "swung a knife around almost striking Plaintiff, ... then stabbed at a container which flew off and hit Plaintiff." (Paragraph 27 of the Second Complaint).

   B. "swung his knife around"... stabbed at a container of rice ... removed the top of the container ... hitting the plaintiff in the thigh with the container top." (Paragraph 35 of the Second Complaint).

5. The Battery (Count V) is predicated on actions by Co-Defendant RAMON TIELES, described as the restaurant manager, working in his capacity as an owner/officer of the Corporate Defendant. (Paragraph 38 of the Second Complaint). Mr Tieles allegedly allegedly: "stabbed at a container of rice, ...removed the top of the container with his knife, swinging both around, and hitting the plaintiff in the thigh with the container top." (Paragraph 39 of the Second Complaint).

6. The only reference to Defendant LA CAMPANA is implied in Paragraph 30 where there is an allegation of "constant fear of physical harm from the Defendants."

## II. MOTION TO DISMISS

7. The Defendant LA CAMPANA, pursuant to Rule 12 (b) (6) respectfully moves this Honorable Court to Dismiss Counts IV and V of the Second Complaint against it for failure to state a claim upon which relief can be granted.

## III. MEMORANDUM OF LAW

8. <u>LEGAL STANDARD</u> The Federal Rules require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". (Fed.R.Civ.P. 8 (a)(2),

9. The Supreme Court has pronounced that in order "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal, 129 S.Ct. 1937</u>, 1949 (2009).

10. The <u>Ashcroft</u> case supra, quotes <u>Bell Atl. Corp. v. Twombly, 550</u> U.S. 544, (2007) which states that pleadings do not require "detailed factual allegations" but pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Twombly</u> at 555. (See also <u>Robbins v. The City of Miami Beach, 789 F.Supp. 2d 1372</u> (S.D. Fla. 2011) and <u>Abella v. Town of Miami Lakes Council - womanNancy Simon, et al., Defendants</u> Case No. 11-20152-CIV-Altonaga at page 8.

11. Dismissal is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action". <u>(Casey v. The City of Miami Beach, 789 F.Supp. 2d 1318,</u> 1320 (S.D. Fla., 2011) citing to <u>Marshall Cnty. Bd. of Educ.v. Marshall Cnty. Gas Dist., 992 F.2d 1171,</u> 1174 (11th Cir. 1993).

12. In order to survive a motion to dismiss a complaint must contain "... sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Robbins</u> supra at 769, citing to <u>Twombly</u> supra at 555.

13. Looking at the four corners of the Second Complaint, in the light most favorable, the Second Complaint fails to state a proper cause of action as to Counts IV and V. Accordingly, Counts IV and V of the Second Complaint should be dismissed at a cost to and with prejudice to Plaintiff(s).

14. The Second Complaint specifically identifies Defendant TIELES in his capacity as manager as the sole perpetrator of the actions in the Assault (Count IV) and Battery (Count V).

15. Both Assault (Count IV) and Battery (Count V) are torts that require intent. An assault has been defined in <u>Abella</u> supra citing to the Restatement Second of Torts Section 21 (1) 2005 as occurring when a person "(a)n actor ... acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." <u>Abella</u> supra at 29. In <u>Doe v. Epstein, 611 F.Supp.2d 1339,</u> 1343 (S.D.Fla., 2009) assault is defined as "...an intentional, unlawful offer of a corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent

peril, coupled with the apparent present ability to effectuate the attempt". Doe supra at 1343 citing 3 Fla.Jur., Assault and Battery Section 3 and Lay v. Kremer, 411 So.2d 1347, 1349 (Fla. 1st DCA 1982).

16. There are no allegations that Defendant LA CAMPANA committed any acts intending to cause a harmful or offensive contact with Plaintiff or any other person. There are no allegations that Defendant LA CAMPANA created any imminent apprehension of contact or that Plaintiff was put in imminent apprehension of contact or fear under such circumstances or imminent peril or the present ability to effectuate the assault.

17. Battery is defined as "the intentional infliction of a harmful or offensive contact upon the person of another." (Gomez v. Lozano, 839 F.Supp.2d 1309, 1322-1323 (S.D. Fla., 2012). Battery is statutorily defined as "any actual and intentional touching or striking of another person against that person's will (non-consensual), or ... intentional causing of bodily harm to another person." Section 784.03 Florida Statutes.

18. There are no allegations that Defendant LA ROMANA committed any acts intending any kind of contact with Plaintiff. There are no allegations that Defendant LA ROMANA made any harmful or offensive contact to Plaintiff.

WHEREFORE your Defendant LA ROMANA respectfully prays that this Court issue an Order dismissing Counts IV and V of the Second Complaint at a cost to and with prejudice to Plaintiffs.

## ANSWER TO COUNTS I, II AND III OF THE SECOND COMPLAINT

19. The Defendant LA CAMPANA admits the allegations contained in paragraphs 1 and 6 of the Second Complaint for jurisdictional purposes only, to the extent that this action involves alleged violations of the Fair Labor Standards Act (FLSA); that this Court has jurisdiction to hear this cause, and that venue is proper in this Court. Defendant LA CAMPANA denies that this action has any merit and that Plaintiffs are entitled to any relief or damages.

20. The Defendant LA CAMPANA lacks information as to Plaintiff DAYDIS ACEVEDO AGUILAR'S (AGUILAR) or Plaintiff IRINA MILIAN CAMPO'S (CAMPO) current residences and therefore denies the allegations contained in paragraph 2 of the Second Complaint and demands strict proof thereof.

21. The Defendant LA CAMPANA admits the allegations contained in paragraphs 3, 4 and 5 of the Second Complaint.

22. The Defendant LA CAMPANA admits the allegations contained in paragraph 7 of the Second Complaint to the extent of the first two sentences which allege the statutory basis for this action. All of the allegations are denied. Defendant LA CAMPANA denies that there are other "similarly situated" employees and denies that any former employees are entitled to relief under the FLSA. Defendant LA CAMPANA adds that this action is without merit and that Plaintiffs are not entitled to any relief or damages.

23. The Defendant LA CAMPANA notes that paragraphs 8 and 9 of the Second Complaint allege the statutory basis for this action and recite no facts requiring admission or denial. Defendant LA CAMPANA denies that this action has any merit and that Plaintiffs are entitled to any relief or damages.

24. The Defendant LA CAMPANA admits the allegations contained in paragraph 10 of the Second Complaint to the extent that Plaintiff AGUILAR was employed. Defendant LA CAMPANA denies all other allegations in paragraph 10 of the Second Complaint.

25. The Defendant LA CAMPANA admits the allegations contained in paragraph 11 of the Second Complaint to the extent that Plaintiff CAMPO was employed. Defendant LA CAMPANA denies all other allegations in paragraph 11 of the Second Complaint.

26. The Defendant LA CAMPANA admits the allegations contained in paragraphs 12, 13, 14 and 15 of the Second Complaint to the extent that there are allegations of the statutory basis for the Second Complaint. All other allegations and suppositions contained in said paragraphs are hereby denied. Defendant LA CAMPANA denies that this action has any merit and that Plaintiffs are entitled to any

relief or damages.

27. The Defendant LA CAMPANA denies the allegations contained in paragraph 16, 17 and 18 of the Second Complaint. Defendant LA CAMPANA notes that it has acted in good faith at all times and not in violation of the FLSA.

28. The Defendant LA CAMPANA notes the allegations contained in paragraph 19 are allegations of the Federal statutory basis for the Second Complaint. The Defendant LA CAMPANA denies the application of this law to this case, and all other allegations, conclusions and suppositions contained in said paragraph. Defendant LA CAMPANA adds that this action is without merit and that Plaintiffs are not entitled to any relief or damages.

29. The Defendant LA CAMPANA denies the allegations contained in paragraph 20 of the Second Complaint. Defendant LA CAMPANA notes that Plaintiff AGUILAR is not its employee, having left her employment before this Second Complaint was filed. Defendant LA CAMPANA has acted in good faith at all times and not in violation of the FLSA.

30. The Defendant LA CAMPANA denies the allegations contained in paragraph 21 of the Second Complaint. Defendant LA CAMPANA notes that it has acted in good faith at all times and not in violation of the FLSA.

31. The Defendant LA CAMPANA denies the allegations contained in paragraphs 22 and 23 of the Second Complaint. Defendant LA CAMPANA notes that it has acted in good faith at all times and not in violation of the FLSA.

32. The Defendant LA CAMPANA denies the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30 and 31 of the Second Complaint.

33. All "Wherefore" clauses are denied. All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

34. Defendant LA CAMPANA asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

35. LA CAMPANA pleads that any recovery by Plaintiffs is barred to the extent the Second Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

36. LA CAMPANA pleads all applicable limitation periods, both as a bar to the claims and requests for relief asserted in the Second Complaint nd as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

### THIRD AFFIRMATIVE DEFENSE

37. LA ROMANA invokes all defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq., (FLSA).

### FOURTH AFFIRMATIVE DEFENSE

38. LA ROMANA paid Plaintiffs all monies legally owed to each under the terms of their respective contracts. Plaintiffs' claims are barred by virtue of their own acts, conduct and/or admissions, including but not limited to their failure to comply with the prevailing terms, conditions, policies and procedures governing their employment.

### FIFTH AFFIRMATIVE DEFENSE

39. Plaintiffs are not entitled to any recovery because with respect to all acts or omissions LA CAMPANA acted in good faith at all times relying on applicable administrative regulations, orders, rulings, approvals, Florida law, interpretations, administrative policies, practices or enforcement policies and with reasonable grounds for believing that its actions were in compliance with, and not in violation of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

40. Any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA were not willfully committed. LA CAMPANA did not know or show reckless disregard for any conduct prohibited by the FLSA, even if Plaintiffs are entitled to additional wages, which Defendant LA CAMPANA denies.

## SEVENTH AFFIRMATIVE DEFENSE

41. LA CAMPANA never paid Plaintiffs in a manner known or believed to violate any applicable FLSA requirement. LA CAMPANA never compensated or failed to compensate Plaintiffs in willful disregard of any applicable law and/or FLSA requirements.

## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiffs are not entitled to any liquidated damages because the acts or omissions, if any, giving rise to such claims were undertaken in good faith and with reasonable grounds for believing the acts or omissions if any were not in violation of the FLSA.

## NINTH AFFIRMATIVE DEFENSE

43. LA CAMPANA is entitled to offset monies or other consideration paid or provided to Plaintiffs which were not earned and/or not engaged in work.

## TENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred in whole or in part by the doctrines of equitable estoppel, waiver and/or latches.

## ELEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, in pari delicto, estoppel because Plaintiffs misled or misinformed LA ROMANA regarding the number of hours actually worked and/or failed to accurately report the hours allegedly worked and/or failed to comply with company policies.

## TWELFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by accord and satisfaction, settlement and payment and release.

## THIRTEENTH AFFIRMATIVE DEFENSE

47. Without admitting any violations of the FLSA occurred, the de minimus rule applies to any alleged back wages

48. LA ROMANA reserves the right to amend or assert additional defenses as they become evident

and/or are based on information discovered during the course of this litigation.

49. All of Co-Defendants' defenses are adopted as long as not inconsistent with LA CAMPANA'S Defenses stated herein.

WHEREFORE, your Defendant LA CAMPANA respectfully prays this Court:

(1) Enter Judgment for Defendant LA CAMPANA and against Plaintiffs;

(2) Award fees and costs to Defendant LA CAMPANA by operation of law; and

(3) Award any other relief this Court may deem proper under the circumstances.

Respectfully submitted,

/s/ Luis Fernandez
LUIS FERNANDEZ, ESQ.
Attorney for Defendant
LA CAMPANA RESTAURANT, INC.
Florida Bar Number 271578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF to the Attorneys for Plaintiff via transmission of Notice of Electronic Filing generated by CM/ECF on this 19th day of February, 2018.

Respectfully submitted,

/s/ Luis Fernandez
LUIS FERNANDEZ, ESQ.
Attorney for Defendant
LA CAMPANA RESTAURANT, INC.,
Florida Bar Number 271578
2250 S.W. 3rd Ave. Suite 303
Miami, Florida 33129-2064
(305) 854-5955
Fax 854-5324
Primary: lfernandezlaw@aol.com