UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:17-cv-22442-JEM

DAYDIS ACEVEDO AGUILAR,
IRINA MILIAN CAMPO, and others
similarly situated under 29 U.S.C.
  Plaintiffs,

vs.

LA CAMPANA RESTAURANT, INC.,
RAMON TIELES and NAIYU ANDRES

  Defendants.
_____)

DEFENDANT RAMON TIELES'

MOTION TO DISMISS COUNTS IV
AND V OF THE SECOND COMPLAINT
WITH MEMORANDUM OF LAW

ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTS I, II AND III OF THE
SECOND COMPLAINT

COMES NOW the Defendant RAMON TIELES, (TIELES) through his counsel, pursuant to Rules 8 and 12, Fed.R.Civ.P., and files his MOTION TO DISMISS COUNTS IV AND V OF THE SECOND COMPLAINT, his MEMORANDUM OF LAW in support of the Motion, his ANSWER and AFFIRMATIVE DEFENSES TO COUNTS I, II AND III OF THE SECOND COMPLAINT and alleges as follows:

## MOTION TO DISMISS
### I. FACTS

1. Plaintiffs DAYDIS ACEVEDO AGUILAR, AGUILAR) and IRINA MILIAN CAMPO(CAMPO) have filed a forty paragraph five count complaint against all Defendants including Defendant TIELES as follows

    Count I:    Federal Overtime Wage Violations by both Plaintiffs
    Count II:   Federal Minimum Wage Violations by both Plaintiffs
    Count III:  Retaliation by Plaintiff AGUILAR
    Count IV:  Assault by "Plaintiff" presumed to be AGUILAR without a "wherefore" demand,
               presumed against all Defendants
    Count V:   Battery by "Plaintiff" presumed to be AGUILAR, against all defendants.

2. All proceeding paragraphs (1-31) to Count IV for Assault are adopted by an unnamed Plaintiff who is presumed to be AGUILAR.

3. All proceeding paragraphs (1-36) to Count V for Battery are adopted by an unnamed Plaintiff who is also presumed to be AGUILAR.

4. The Assault (Count IV) is predicated on actions by Defendant RAMON TIELES described as the restaurant manager, working in his capacity as an owner/officer of the Corporate Defendant.

(Paragraph 34 of the Second Complaint). Mr. Tieles allegedly:

A. "swung a knife around almost striking Plaintiff, ... then stabbed at a container which flew off and hit Plaintiff." (Paragraph 27 of the Second Complaint).

B. "swung his knife around"... stabbed at a container of rice ... removed the top of the container ... hitting the plaintiff in the thigh with the container top." (Paragraph 35 of the Second Complaint).

5. The Battery (Count V) is predicated on actions by Defendant TIELES, described as the restaurant manager, working in his capacity as an owner/officer of the Corporate Defendant. (Paragraph 38 of the Second Complaint). Mr. Tieles allegedly allegedly: "stabbed at a container of rice, ...removed the top of the container with his knife, swinging both around, and hitting the plaintiff in the thigh with the container top." (Paragraph 39 of the Second Complaint).

6. In the Assault (Count IV), there is no reference to Defendant TIELES intending to either scare or hit the Plaintiff. There was no aiming at the Plaintiff, but rather a "stabbing at a container of rice" and the removal of the top of the container which "hit the plaintiff in the thigh with the container top." (Paragraph 35 of the Second Complaint).

7. In the Battery (Count V), there is no reference to Defendant TIELES intending to strike or hit the Plaintiff. There was no aiming at the Plaintiff, but rather a stab at a container of rice and the removal of the top of the container which hit the plaintiff "in the thigh with the container top." (Paragraph 35 of the Second Complaint).

## II. MOTION TO DISMISS

8. The Defendant TIELES, pursuant to Rule 12 (b) (6) respectfully moves this Honorable Court to Dismiss Counts IV and V of the Second Complaint against him for failure to state a claim upon which relief can be granted.

## III. MEMORANDUM OF LAW

9. <u>LEGAL STANDARD</u> The Federal Rules require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". (Fed.R.Civ.P. 8 (a)(2),

10. The Supreme Court has pronounced that in order "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

11. The Ashcroft case supra, quotes Bell Atl. Corp. v. Twombly, 550 U.S. 544, (2007) which states that pleadings do not require "detailed factual allegations" but pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Twombly, at 555. (See also Robbins v. The City of Miami Beach, 789 F.Supp. 2d1372 (S.D. Fla. 2011) and Abella v. Town of Miami Lakes Councilwoman Nancy Simon, et al., Defendants Case No. 11-20152-CIV-Altonaga at page 8).

12. There must be more than the labels and conclusions as alleged in the Second Complaint paragraphs 36 (for Assault) and 40 (for Battery). See Ashcroft supra at 1949 and Robbins supra at 1374.

13. "A formulaic recitation of the elements of a cause of action will not do". See Ashcroft supra at 1949 and Robbins supra at 1374.

14. Dismissal is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action". (Casey v. The City of Miami Beach, 789 .Supp. 2d 1318, 1320 (S.D. Fla., 2011) citing to Marshall Cnty. Bd. of Educv. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

15. In order to survive a motion to dismiss a complaint must contain "... sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Robbins supra at 769, citing to Twombly supra at 555.

16. Looking at the four corners of the Second Complaint, in the light most favorable, the Second Complaint fails to state a proper cause of action as to Counts IV and V. Accordingly, Counts IV and V of the Second Complaint should be dismissed at a cost to and with prejudice to Plaintiff(s)

17. The Second Complaint specifically identifies Defendant TIELES in his capacity as manager as the sole perpetrator of the actions in the Assault (Count IV) and Battery (Count V)

18. Both Assault (Count IV) and Battery (Count V) are torts that require intent. An assault has been defined in <u>Abella</u> supra citing to the Restatement Second of Torts Section 21 (1) 2005 as occurring when a person "(a)n actor ... acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." <u>Abella</u> supra at 29. In <u>Doe v. Epstein, 611 F.Supp.2d 1339,</u> 1343 (S.D.Fla., 2009) assault is defined as "...an intentional, unlawful offer of a corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt". <u>Doe</u> supra at 1343 citing 3 Fla.Jur., Assault and Battery Section 3 and <u>Lay v. Kremer, 411 So.2d 1347,</u> 1349 (Fla. 1st DCA 1982).

19. The allegations as to Defendant TIELES indicate a stabbing at a rice container and not at Plaintiff. This is a clear indication that there was no intent to hit Plaintiff nor an intent to cause Plaintiff to believe that she was to be hit or be placed in imminent peril.

20. The intended object, the rice container, is not the Plaintiff.

21. Battery is defined as "the intentional infliction of a harmful or offensive contact upon the person of another." (<u>Gomez v. Lozano, 839</u> <u>F.Supp.2d 1309,</u> 1322-1323 (S.D. Fla., 2012). Battery is statutorily defined as "any actual and intentional touching or striking of another person against that person's will (non-consensual), or ... intentional causing of bodily harm to another person." Section 784.03 Florida Statutes.

22. There are no allegations that Defendant TIELES committed any acts intending any kind of contact with Plaintiff. There are no allegations that Defendant TIELES made any harmful or offensive contact to Plaintiff.

23. The intended object, the rice container top, is not the Plaintiff.

WHEREFORE your Defendant TIELES respectfully prays that this Court issue an Order dismissing Counts IV and V of the Second Complaint at a cost to and with prejudice to Plaintiffs.

### ANSWER TO COUNTS I, II AND III OF THE SECOND COMPLAINT

24. The Defendant TIELES admits the allegations contained in paragraphs 1 and 6 of the Second Complaint for jurisdictional purposes only, to the extent that this action involves alleged violations of the Fair Labor Standards Act (FLSA); that this Court has jurisdiction to hear this cause, and that venue is proper in this Court. Defendant TIELES denies that this action has any merit and that Plaintiffs are entitled to any relief or damages.

25. The Defendant TIELES lacks information as to Plaintiff DAYDIS ACEVEDO AGUILAR'S (AGUILAR) or Plaintiff IRINA MILIAN CAMPO'S (CAMPO) current residences and therefore denies the allegations contained in paragraph 2 of the Second Complaint and demands strict proof thereof.

26. The Defendant TIELES admits the allegations contained in paragraphs 3, 4 and 5 of the Second Complaint.

27. The Defendant TIELES admits the allegations contained in paragraph 7 of the Second Complaint in the first two sentences which allege the statutory basis for this action. All other allegations are denied. Defendant TIELES denies that there are other "similarly situated" employees and denies that any former employees are entitled to relief under the FLSA. Defendant TIELES adds that this action is without merit and that Plaintiffs are not entitled to any relief or damages.

28. The Defendant TIELES notes that paragraphs 8 and 9 of the Second Complaint allege the statutory basis for this action and recite no facts requiring admission or denial. Defendant TIELES denies that this action has any merit and that Plaintiffs are entitled to any relief or damages.

29. The Defendant TIELES admits the allegations contained in paragraph 10 of the Second Complaint to the extent that Plaintiff AGUILAR was employed by Co-Defendant LA CAMPANA. Defendant TIELES denies all other allegations in paragraph 10 of the Second Complaint.

30. The Defendant TIELES admits the allegations contained in paragraph 11 of the Second Complaint to the extent that Plaintiff CAMPO was employed by Co-Defendant LA CAMPANA. Defendant TIELES denies all other allegations in paragraph 11 of the Second Complaint.

31. The Defendant TIELES admits the allegations contained in paragraphs 12, 13, 14 and 15 of the Second Complaint to the extent that they are allegations of the statutory basis for the Complaint. All other allegations and suppositions contained in said paragraphs are hereby denied. Defendant IELES denies that this action has any merit and that Plaintiffs are entitled to any relief or damages.

32. The Defendant TIELES denies the allegations contained in paragraph 16, 17 and 18 of the Second Complaint. Defendant TIELES notes that he has acted in good faith at all times and not in violation of the FLSA.

33. The Defendant TIELES notes the allegations contained in paragraph 19 of the Second Complaint are allegations of the Federal statutory basis for the Second Complaint. The Defendant TIELES denies the application of this law to this case, and all other allegations, conclusions and suppositions contained in said paragraph. Defendant TIELES adds that this action is without merit and that Plaintiffs are not entitled to any relief or damages.

34. The Defendant TIELES denies the allegations contained in paragraph 20 of the Second Complaint. Defendant TIELES notes that Plaintiff AGUILAR is not his employee, having left her employment before this Second Complaint was filed. Defendant TIELES has acted in good faith at all times and not in violation of the FLSA.

35. The Defendant TIELES denies the allegations contained in paragraph 21 of the Second Complaint. Defendant TIELES notes that he has acted in good faith at all times and not in violation

of the FLSA.

36. The Defendant TIELES denies the allegations contained in paragraphs 22 and 23 of the Second Complaint. Defendant TIELES notes that he has acted in good faith at all times and not in violation of the FLSA.

37. The Defendant TIELES denies the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30 and 31 of the Second Complaint.

38. All "Wherefore" clauses are denied. All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

39. Defendant TIELES asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

40. TIELES pleads that any recovery by Plaintiffs is barred to the extent the Second Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

41. TIELES pleads all applicable limitation periods, both as a bar to the claims and requests for relief asserted in the Second Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

### THIRD AFFIRMATIVE DEFENSE

42. TIELES invokes all defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq., (FLSA).

### FOURTH AFFIRMATIVE DEFENSE

43. Defendant LA ROMANA paid Plaintiffs all monies legally owed to each under the terms of their respective contracts. Plaintiffs' claims are barred by virtue of their own acts, conduct and/or admissions, including but not limited to their failure to comply with the prevailing terms, conditions, policies and procedures governing their employment.

### FIFTH AFFIRMATIVE DEFENSE

44. Plaintiffs are not entitled to any recovery because with respect to all acts or omissions TIELES acted in good faith at all times relying on applicable administrative regulations, orders, rulings, approvals, Florida law, interpretations, administrative policies, practices or enforcement policies and with reasonable grounds for believing that its actions were in compliance with, and not in violation of the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

45. Any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA were not willfully committed. TIELES did not know or show reckless disregard for any conduct prohibited by the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

46. TIELES never paid Plaintiffs in a manner known or believed to violate any applicable FLSA requirement. TIELES never compensated or failed to compensate Plaintiffs in willful disregard of any applicable law and/or FLSA requirements.

### EIGHTH AFFIRMATIVE DEFENSE

47. Plaintiffs are not entitled to any liquidated damages because the acts or omissions, if any, giving rise to such claims were undertaken in good faith and with reasonable grounds for believing the acts or omissions if any were not in violation of the FLSA.

### NINTH AFFIRMATIVE DEFENSE

48. TIELES is entitled to offset monies or other consideration paid or provided to Plaintiffs which were not earned and/or not engaged in work.

### TENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred in whole or in part by the doctrines of equitable estoppel, waiver and/or latches.

### ELEVENTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, in pari delicto,

estoppel because Plaintiffs misled or misinformed TIELES regarding the number of hours actually worked, failed to accurately report the hours allegedly worked and/or failed to comply with company policies.

## TWELFTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred by accord and satisfaction, settlement and payment and release.

## THIRTEENTH AFFIRMATIVE DEFENSE

52. Without admitting any violations of the FLSA occurred, the de minimus rule applies to any alleged back wages

53. TIELES reserves the right to amend or assert additional defenses as they become evident and/or are based on information discovered during the course of this litigation.

54. All of Co-Defendants' defenses are adopted as long as not inconsistent with TIELES' Defenses stated herein.

WHEREFORE, your Defendant TIELES respectfully prays this Court:

    (1) Enter Judgment for Defendant TIELES and against Plaintiffs;

]     (2) Award fees and costs to Defendant TIELES by operation of law; and

    (3) Award any other relief this Court may deem proper under the circumstances.

Respectfully submitted,

/s/ Luis Fernandez
LUIS FERNANDEZ, ESQ.
Attorney for Defendant RAMON TIELES
Florida Bar Number 271578

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF to the Attorneys for Plaintiff via transmission of Notice of Electronic Filing generated by CM/ECF on this 19th day of February, 2018.

Respectfully submitted,

/s/ Luis Fernandez
LUIS FERNANDEZ, ESQ.
Attorney for Defendant RAMON TIELES
Florida Bar Number 271578
2250 S.W. 3rd Ave. Suite 303
Miami, Florida  33129-2064
(305) 854-5955
Fax   854-5324
Primary: lfernandezlaw@aol.com