## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20015-Civ-TORRES

DAYDIS ACEVEDO AGUILAR,
IRINA MILIAN CAMPO, *et al*.,

      Plaintiff,

v.

LA CAMPANA RESTAURANT, INC,
RAMON TIELES, and NAIYU ANDRES,

      Defendants.

_____/

### OMNIBUS ORDER ON DEFENDANTS' MOTIONS TO DISMISS
### AND PLAINTIFFS' MOTIONS TO STRIKE

This matter is before the Court on La Campana Restaurant, Inc.'s, Ramon Tieles's, and Naiyu Andres's (collectively, "Defendants") motions to dismiss and Daydis Acevedo Aguilar's and Irina Milian Campo's (collectively, "Plaintiffs") motions to strike.  [D.E. 22-27].  Having reviewed the motions, responses, relevant authority, and record evidence submitted in support of or in opposition to the same, the Court's rulings on each motion follow.

### I. APPLICABLE PRINCIPLES AND LAW

#### A.  *Motion to Dismiss Standard*

In ruling on Defendants' motions to dismiss, this Court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiffs."  *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309

1

(11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)).  "When considering a motion to dismiss, all facts set forth in [Plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'"  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).  Factual content gives a claim facial plausibility.  *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]."  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**B.**     *Motion to Strike Standard*

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  While many "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice,' "*Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D. Fla. 2009), striking is appropriate in some cases to remove "unnecessary clutter" from the docket. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading." *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) (citing *Rogers v. Hartford Life & Accident Ins. Co.,* 2012 WL 2395194, at *1 n.1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2)."). Ultimately, the decision of whether to strike a pleading rests in the court's discretion. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002) ("District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f).") (citation omitted).

## II. ANALYSIS

### A.   *Defendants' Motions to Dismiss*

Defendants' motions take aim at counts 4 (assault) and 5 (battery) in Plaintiffs' second amended complaint.[1]   Defendants argue that both counts are defective because they fail to include sufficient allegations that Defendants *intended* to cause any harmful or offensive contact.   Because Plaintiffs failed to include this required element in their complaint, Defendants conclude that counts 4 and 5 must be dismissed.

Plaintiffs argue, in response, that Defendants' motions lack merit because there are more than enough allegations in the complaint that Defendants committed assault and battery.   Plaintiffs suggest that Defendants are merely attempting to hold Plaintiffs to a more stringent standard than required and that the Court should limit its analysis to the four corners of the complaint.   Because Plaintiffs' complaint alleges that Defendants acted with the intent to commit a battery and assault, Plaintiffs believe that Defendants' motions to dismiss must be denied.

After full consideration of the arguments presented, Defendants' motions are unpersuasive because Plaintiffs have alleged all the required elements of an assault and battery claim.   Generally speaking, assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with

---

[1]   Plaintiffs filed a five count complaint against Defendants alleging federal overtime wage violations, federal minimum wage violations, retaliation, assault, and battery.   [D.E. 1].

4

an apparent ability to do so, and doing some act which creates a well-founded fear of such violence being done." *Wilson v. State,* 265 So. 2d 411, 413 (Fla. 4th DCA 1972). Under Florida law, assault is construed as "an intentional threat by an act, coupled with an apparent ability to carry out the threat, that creates a fear of imminent violence; the required intent is to do the act, not the intent to do violence to the victim." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1312 (M.D. Fla. 2011) (11th Cir. 2013) (citing *Cambell v. State,* 37 So. 3d 948 (Fla. 5th DCA 2010)); *see also* § 784.011(1), Fla. Stat. (2003) (defining "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent") (emphasis added).

Here, the second amended complaint alleges that Plaintiff was working as a waitress and that one of the Defendants "violently and purposefully swung [a] knife around, nearly striking Plaintiff" and then "stabbed at a container of rice," and struck "the Plaintiff in the thigh with the container top." [D.E. 15]. The complaint then alleges that the actions of Ramon Tieles were "intentional and unlawful," that there was a "well-founded fear . . . that . . . violence was imminent, and that "Plaintiff was injured physically by the attack and suffered mental anguish." *Id.* Given these allegations, Plaintiffs have set forth enough factual allegations to support a plausible claim that there was an intentional, unlawful threat to do

violence on the person of another.  Therefore, we conclude that Defendants' motions lack merit and must be **DENIED**.

As for Defendants' motions to dismiss count 5 (battery), we find that they also lacks merit.  Battery is defined as the "infliction of a harmful or offensive contact upon another with the intent to cause such contact or apprehension that such contact is imminent." *Geovera Specialty Ins. Co.*, 831 F. Supp. 2d at 1313 (citing *Quilling v. Price,* 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005); *Paul v. Holbrook,* 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997)); *see also* Fla. Stat. § 784.03(1)(a) (2003) (defining "battery" as a tort that occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person").

As interpreted by the Florida Supreme Court, actual and intentional touching—the only element necessary to support a conviction for simple battery—is satisfied by any physical contact, "no matter how slight." *State v. Hearns*, 961 So. 2d 211, 218–19 (Fla. 2007) (explaining that simple battery "may be committed with only nominal contact").  "For example, even a slight but unwanted tap on the shoulder suffices for a conviction under the simple battery statute." *United States v. Vail-Bailon*, 868 F.3d 1293, 1298 (11th Cir. 2017) (citing *Hearns*, 961 So. 2d at 219).

In this case, the second amended complaint sets forth sufficient allegations to state a cause of action for battery because it claims that Ramon Tieles "stabbed . . . a container of rice," swung a knife around, and struck one of the Plaintiffs in the

thigh.   [D.E. 15].   The complaint further alleges that the actions were "an intentional[,] harmful[,] and offensive touching that were not consented to by Plaintiff," and that Plaintiff was physically injured as a result of the attack.  Given these allegations, Plaintiffs have alleged all of the required elements of a battery claim and therefore Defendants' motions to dismiss count 5 are **DENIED**.  *See, e.g.*, *Robbins v. City of Miami Beach*, 769 F. Supp. 2d 1372, 1376 (S.D. Fla. 2011) ("[T]he Court is satisfied Robbins minimally stated a claim of battery against Schoenfeld. Schoenfeld's motion to dismiss the battery claim in Count X is denied.").

### B.   *Plaintiffs' Motions to Strike*

In response to each motion to dismiss, Plaintiffs filed a corresponding motion to strike Defendants' ninth affirmative defense, which claims that "[La Campana] is entitled to offset monies or other consideration paid or provided to Plaintiffs which were not earned and/or not engaged in work."  [D.E. 22].  Plaintiffs take issue with this affirmative defense because setoffs are allegedly inappropriate in all FLSA cases and should therefore be stricken or dismissed.

In *Brennan v. Heard,* 491 F.2d 1 (5th Cir. 1974), the Fifth Circuit suggested that the use of setoffs was prohibited in all FLSA cases because they might be used as a vehicle to deprive an employee of minimum wage payments:

> [The] FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court . . . Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions.

*Id.* at 4.  However, in a more recent case – *Singer v. City of Waco, Tex.,* 324 F.3d 813, 828 n. 9 (5th Cir. 2003) – the Fifth Circuit clarified its holding in *Brennan* and held that setoffs are permissible in certain contexts so long as they do not cause the employees' compensation to fall below the statutory minimum wage.[2]  The setoff defense is therefore not *per se* barred in all FLSA cases.[3]  *See Morrison v. Executive Airport Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005).

Here, we cannot determine that the setoff defense is appropriate because it fails to include enough factual support as required under Rule 8.  Indeed, the ninth affirmative defense is "no more than a bare bones conclusory statement and cannot possibly give Plaintiff fair notice of the grounds on which it rests."  *Morrison,* 434 F. Supp. 2d at 1322.  Because we "cannot determine at this time that this defense is deficient on the merits," we "will instead strike the technically deficient affirmative defense without prejudice, and grant the [D]efendant[s] leave to replead the striken defense."  *Id.* (citing *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 684).  If Defendants wish to remedy their ninth affirmative defense, they should present enough factual support – and describe the nature of the setoff – to comply with the

---

[2]     In *Singer,* overpayments of wages paid to employees in some work periods were setoff against shortfalls in other work periods.  *Singer,* 324 F.3d at 828.

[3]     "[T]here are several types of payments that cannot be applied to offset unpaid wages, including: (1) fringe benefits such as meals, health insurance, bonuses, and paid vacations, *see Dunlop v. Gray–Goto, Inc.,* 528 F.2d 792, 794 (10th Cir. 1976) and *Futrell v. Columbia Club, Inc.,* 338 F. Supp. 566, 573 (S.D. Ind. 1971); (2) wages for "down time" on the job, *see Hiner v. Penn–Harris–Madison Sch. Corp.,* 256 F. Supp. 2d 854, 860 (N.D. Ind. 2003); (3) wages for meal breaks, *see Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 913–14 (9th Cir. 2004); and (4) amounts loaned by an employer to an employee, *see Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir. 1983)."  *Morrison,* 434 F. Supp. 2d at 1321.

requirements under Rule 8. *See Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 684 ("While Rule 8 requires only a short and plain statement of the facts in support of the affirmative defense alleged, it is clear that the Defendant's copyright misuse defense falls woefully short of even the liberal requirements of Rule 8."). Accordingly, Plaintiffs' motions to strike are **GRANTED without prejudice**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

A. Defendants' motions to dismiss are **DENIED**.  [D.E. 22-24].

B. Plaintiff's motions to strike are **GRANTED without prejudice**.  [D.E. 25-27].

C. An amended answer may be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of March, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge